[No. 24798. Department One. May 16, 1934.]

UNIVERSITY PLUMBING & HEATING COMPANY *et al.*,
*Respondents,* v. NACHES HOTEL COMPANY,
*Appellant.*[1]

*Jay C. Allen* and *LaBerge, Cheney & Hutcheson,* for appellant.

*Rigg, Brown & Halverson,* for respondents.

MITCHELL, J.—This action was brought to recover judgment on two promissory notes dated August 1, 1932, in the aggregate principal sum of $17,500, with interest from date at six per cent per annum, and to foreclose a real estate mortgage given to secure the payment of the notes. The instruments provided for the payment of reasonable attorney's fees in case suit or action was brought to collect the notes or foreclose the mortgage. The defendant, Naches Hotel Company, Inc., a corporation, maker of the instruments, appearing generally, filed a demurrer, and then an answer to the complaint. Upon the trial, the court entered judgment for the plaintiffs, providing, among other things, as follows:

"ORDERED, ADJUDGED AND DECREED, that the Plaintiffs have judgment against the defendant, Naches Hotel Co., Inc., a corporation, in the sum of $20,859.50, and the further sum of $10 abstract fees, $1,000 attorney's fees, and for plaintiff's costs and disbursements expended and incurred in this action, together with interest on all of said sums at the rate of 6% per annum from the date hereof until paid."

It was further decreed that the mortgage be foreclosed and the property sold in the manner provided by law and the practice of the court, with directions concerning the application of the proceeds of the sale. The defendant has appealed.

■ The first assignment is that the complaint was fatally defective, in that it did not contain any allegation as to the identity or corporate existence of the appellant, and that there was no evidence upon the subject. The appellant, in both its demurrer and answer, appeared *generally* in the action, and comes under the rule: "A defendant corporation cannot appear generally in an action and afterwards complain that there was no affirmative proof of its corporate existence." *Garneau v. Port Blakely Mill Co.,* 8 Wash. 467, 36 Pac. 463.

■ In the next two assignments, it is claimed that the notes and mortgage were improperly admitted in evidence because of lack of proof: (1) of indebtedness, (2) as to who the officers of the corporation were, (3) that the corporation authorized the making of the notes and mortgage, and (4) that the purported seal on the instruments is the seal of the appellant corporation.

However, there was direct evidence that the signatures to the notes and mortgage were the signatures of the Naches Hotel Co., and that the notes and mortgage had not been paid. The notes and mortgage were executed in the name of Naches Hotel Co., Inc., by J. G. Von Herberg, its president, and attested by H. O. Watt, its assistant secretary, with the corporate seal attached. The mortgage was acknowledged by the president and assistant secretary in the statutory form for corporate acknowledgments, the certificate reciting that each officer "on oath stated that he was authorized to execute said instrument, and that the seal affixed is the corporate seal of said corporation." There was no evidence to the contrary.

It must be held, in our opinion, that the proof was sufficient to establish *prima facie* the validity of the

instruments. *King v. West Coast Grocery Co.,* 72 Wash. 132, 129 Pac. 1081; *Milton v. Crawford,* 65 Wash. 145, 118 Pac. 32; 3 Thompson on Corporations (3rd ed.) 2044.

■ The next assignment is that the court erred in allowing witness fees for each of the presidents of respective respondent corporations. *Fowler v. Gray,* 141 Wash. 372, 251 Pac. 570, is cited in support of the assignment. In that case, the expense of a party to the action was involved. Here, the fees objected to were on account of witnesses who were not parties to the action. In our opinion, the allowance of the fees was proper. Such seems to be the prevailing rule. In *Feenaughty Machinery Co. v. Turner,* 44 Idaho 363, 257 Pac. 38, the court said:

"The weight of authority would seem to be that officers, agents and employees of a corporation which is a successful party to a suit are none the less entitled to witness fees and mileage for their attendance upon the trial when called as witnesses. (*Salmon Creek Lumber & Min. Co. v. Dusenberry* (Pa.), 2 Chest. Co. Rep. 205; *Mutual Fire Ins. Co. v. Weller,* 98 Iowa 731, 68 N. W. 443; *Parsons Band Cutter, etc., Co. v. Scis-Coe,* 129 Iowa 631, 6 Ann. Cas. 1015, 106 N. W. 164; 15 C. J., p. 126, sec. 277; 7 R. C. L., p. 791, sec. 15; 50 Am. Dig. (Century ed.), col. 70, sec. 54)."

See, also, 15 C. J. 126.

■ The court allowed attorneys' fees in the sum of one thousand dollars. One ground in the motion for new trial was that the attorneys' fees allowed are excessive, and the allowance is now assigned as error. At the trial, this matter was considered, counsel on both sides being heard as to the amount of work and responsibility involved, respondents contending for and asking one thousand dollars as reasonable fees, appellant contending that that amount was too much.

Thus submitting the matter, the fee was fixed at one thousand dollars. While it appears to us that the court might well have fixed the fee at a somewhat smaller amount, we do not feel justified in holding that the court abused its discretion in this respect.

Next, complaint is made of an item of "$10 abstract fees" included in the judgment. If the judgment were substantially correct in all other respects, scant consideration would be given to this small item; but, as the judgment is to be modified for another reason, this item must go out, it not being supported by contract, pleading or proof.

The next assignment to be considered is that the judgment on the main question involved in the action is excessive. The judgment was entered nine and one-half months after the date of the instruments, at which time the principal and interest amounted to $19,640.63, but by mistake the amount included in the judgment for principal and interest was $20,859.50, or $1,218.37 more than it should have been. It appears that appellant had no notice of the time at which the judgment would be signed, and was not present at that time, though it seems a copy of the proposed judgment had been served on appellant's attorneys. Whether necessary or not, the next day after notice that judgment had been entered, a motion for a new trial was served and filed, claiming error in the assessment of the amount of recovery, in that the same was too large. The motion for a new trial was denied, no change being made in the judgment in this respect. Appellant is entitled to relief in this respect.

It appears from the briefs of the parties and a supplemental transcript furnished by the appellant that, upon a special execution issued on the judgment, the mortgaged property has been sold at sheriff's sale

to the respondents, judgment creditors, for the full amount of the judgment and costs, and that the sale has been duly confirmed by order of the court.

Rem. Rev. Stat., § 1742, is applicable here. It provides:

"Effect of reversal—Writ of restitution. If by a decision of the supreme court the appellant becomes entitled to a restoration of any part of the money or property that was taken from him by means of the judgment or order appealed from, either the supreme court or the court below may direct an execution or writ of restitution to issue for the purpose of restoring to the appellant his property, or the value thereof. But property acquired by a purchaser in good faith, under a judgment subsequently reversed, shall not be affected by such reversal."

The appellant is entitled to a restoration of $1,218.87 excess amount allowed in the judgment over the amount of principal and interest actually due, and also entitled to restoration of "$10 abstract fees" included in the judgment, with interest on both at the legal rate from May 15, 1933, the date of the judgment, and is entitled to a writ of execution to be issued out of the superior court, which is hereby directed in the event respondents do not restore the excess payments to the appellant or pay the same into the superior court for the benefit of the appellant within thirty days after the going down of the remittitur.

The cause is remanded to the superior court to comply with the directions herein contained, and to make all orders and issue such process as may be necessary for that purpose.

BEALS, C. J., MAIN, STEINERT, and MILLARD, JJ., concur.