# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

DEUTSCHE BANK TRUST COMPANY AMERICAS AS INDENTURE TRUSTEE FOR THE REGISTERED HOLDERS OF SAXON ASSET SECURITIES TRUST 2005-1 MORTGAGE LOAN ASSET BACKED NOTES, SERIES 2005-1,

              Respondents,

v.

ALBERTO E. AVALO; VICTORIA L. AVALO,

              Appellants,

WELLS FARGO FINANCIAL WASHINGTON 1, INC.; ALSO ALL PERSONS OR PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT HEREIN,

              Defendants.

No. 75695-8-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: November 14, 2016

LEACH, J. — Alberto and Victoria Avalo appeal the summary judgment entered in favor of Deutsche Bank Trust Company Americas. After the Avalos defaulted on a loan, Deutsche Bank commenced a judicial foreclosure. The Avalos claim that questions of fact exist about Deutsche Bank's authority to foreclose. However, as holder of the note, Deutsche Bank had the authority to enforce the

note and commence judicial foreclosure of the deed of trust. Because no questions of fact exist as to any issue material to the judgment, we affirm.

BACKGROUND

In December 2004, the Avalos signed a promissory note in the amount of $388,218 for a loan from Saxon Mortgage Inc. A deed of trust encumbering the Avalos' property secured the loan. Saxon endorsed the note to Deutsche Bank. Assignment of the deed of trust to Deutsche Bank was recorded on June 25, 2010.

The Avalos defaulted on their loan and, in May 2009, entered into a loan modification agreement with Deutsche Bank. In July 2011, the Avalos again stopped making payments on their loan. In response, the loan servicer sent a notice of default to the Avalos. This notice told the Avalos that to cure default they needed to pay $9,621.12 by August 9, 2011. The Avalos failed to cure the default. Deutsche Bank filed an action to enforce the note and foreclose the deed of trust.

Deutsche Bank moved for summary judgment. Deutsche Bank supported its motion with an affidavit attesting to its possession of the note and beneficial interest in the deed of trust. At the summary judgment hearing, Deutsche Bank also produced the original promissory note. In opposition to the summary judgment motion, the Avalos submitted a document called "Chain of Title Analysis & Mortgage Fraud Investigation" (chain of title analysis) prepared for the Avalos by a company called Mortgage Compliance Investigators (MCI). The chain of title analysis summarized MCI's forensic audit of the Avalos' individual mortgage.

The trial court granted summary judgment to Deutsche Bank. The Avalos appeal.

## DISCUSSION

### Standard of Review

We review an order granting summary judgment de novo, performing the same inquiry as the trial court.[1] The initial burden is on the moving party to show no genuine issue of fact exists.[2] The burden then shifts to the nonmoving party to "set forth specific facts to rebut the moving party's contentions and show that a genuine issue as to a material fact exists."[3] A material fact is one on which the outcome of the litigation depends.[4] "The nonmoving party must set forth specific facts showing a genuine issue and cannot rest on mere allegations."[5] Summary judgment is appropriate when, taking all facts and reasonable inferences in the light most favorable to the nonmoving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[6]

---

[1] Hayden v. Mut. of Enumclaw Ins. Co., 141 Wn.2d 55, 63-64, 1 P.3d 1167 (2000).

[2] Deutsche Bank Nat'l Tr. Co. v. Slotke, 192 Wn. App. 166, 171, 367 P.3d 600, review denied, 185 Wn.2d 1037 (2016).

[3] Allard v. Bd. of Regents of Univ. of Wash., 25 Wn. App. 243, 247, 606 P.2d 280 (1980).

[4] Greater Harbor 2000 v. City of Seattle, 132 Wn.2d 267, 279, 937 P.2d 1082 (1997).

[5] Baldwin v. Sisters of Providence in Wash., Inc., 112 Wn.2d 127, 132, 769 P.2d 298 (1989).

[6] Wilson v. Steinbach, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

Summary Judgment

First, we address the Avalos' claim that the trial court committed evidentiary error. The Avalos contend that the trial court should not have considered the affidavit of Nicole Boutin and the attached business records because she did not demonstrate personal knowledge as required by CR 56(e).[7] However, the trial court could not have considered this affidavit at summary judgment because it was not part of the record when the court granted the motion. The trial court granted summary judgment on February 13, 2015. Deutsche Bank submitted the Boutin affidavit on May 4, 2015, in support of its motion for entry of judgment and decree of foreclosure. Because this affidavit was submitted to the court after the court decided the summary judgment motion, it could not have influenced the court's decision on the motion.

Next, we consider the Avalos' contention that a question of fact exists as to Deutsche Bank's authority to enforce the note and deed of trust. Washington law is clear: the holder of an instrument is entitled to enforce that instrument.[8] Deutsche Bank submitted undisputed evidence that it was the holder of the note. While the Avalos deny that Deutsche Bank was the holder of the note, they have submitted no evidence to contradict Deutsche Bank's evidence. The Avalos claim that the chain of title analysis creates an issue of disputed fact. But it does not

___

[7] See Barkley v. GreenPoint Mortg. Funding, Inc., 190 Wn. App. 58, 67, 358 P.3d 1204 (2015), review denied, 184 Wn.2d 1036 (2016).
[8] RCW 62A.3-301; Brown v. Dep't of Commerce, 184 Wn.2d 509, 524-25, 359 P.3d 771 (2015); Bain v. Metro. Mortg. Grp., Inc., 175 Wn.2d 83, 104, 285 P.3d 34 (2012).

because the analysis does not dispute that Deutsche Bank was the holder of the note, the only relevant fact about Deutsche Bank's authority to foreclose. Thus, under well-established Washington law, Deutsche Bank was entitled to enforce the note.

The Avalos challenge Washington law, asserting that how a note is acquired is also relevant. They contend that Deutsche Bank is not entitled to enforce the note unless it has established its chain of title. They contend that the holding of Bain v. Metropolitan Mortgage Group, Inc.[9] and other Washington case law—that the security follows the holder of the note—should not apply in cases of fraud and "egregious errors," including breaks in the chain of title. They rely on RCW 65.08.070 for the proposition that holder status must be proved with evidence of a legitimate delivery. But the Avalos misunderstand the significance of this law. RCW 65.08.070, Washington's recording act, "'make[s] the deed first recorded superior to any outstanding unrecorded conveyance of the same property unless the mortgagee or purchaser had actual knowledge of the transfer not filed of record.'"[10] This statute does not require that a note be recorded before the holder of that note can enforce it. Washington law requires only that Deutsche Bank currently holds the note.[11] Therefore, the Avalos' chain of title evidence has no relevance to Deutsche Bank's authority to initiate foreclosure. Undisputed

---

[9] 175 Wn.2d 83, 285 P.3d 34 (2012).
[10] Hu Hyun Kim v. Lee, 145 Wn.2d 79, 86, 31 P.3d 665 (2001) (quoting Tacoma Hotel, Inc. v. Morrison & Co., 193 Wash. 134, 140, 74 P.2d 1003 (1938)).
[11] Bain, 175 Wn.2d at 102-04.

evidence shows that the trial court properly granted summary judgment in favor of Deutsche Bank.

## Discovery

The Avalos contend that the trial court should have allowed them to conduct additional discovery before ruling on Deutsche Bank's summary judgment motion. Delaying a motion hearing to permit a party to conduct further discovery may be appropriate where "'the party cannot present by affidavit facts essential to justify the party's opposition.'"[12] But if the party opposing the motion cannot show that it is likely to discover evidence that would create an issue of fact, the court is not required to delay the summary judgment hearing.[13] We review a trial court's decision to grant or deny a request for a continuance to conduct discovery for abuse of discretion.[14]

Here, the Avalos requested additional time to conduct discovery. The trial court delayed the summary judgment hearing for nearly a month to give the Avalos time to respond to Deutsche Bank's motion. This gave them time to obtain the chain of title analysis that they submitted with their amended opposition to summary judgment on February 9. The trial court refused to continue the hearing further because it concluded that the Avalos had not identified what additional evidence they hoped to discover.[15] The Avalos claim they needed additional

---

[12] MRC Receivables Corp. v. Zion, 152 Wn. App. 625, 628-29, 218 P.3d 621 (2009) (quoting CR 56(f)).

[13] Turner v. Kohler, 54 Wn. App. 688, 693, 775 P.2d 474 (1989).

[14] MRC Receivables Corp., 152 Wn. App. at 629.

[15] The Avalos contend that what evidence they hoped to discover was apparent from the chain of title analysis attached to their opposition to the summary

discovery in order to support the conclusions of the chain of title analysis and present evidence of breaks in the chain of title. They claim that their discovery requests could have asked Deutsche Bank to explain these alleged breaks in the chain of title and provide details about "the nature of the transaction." As discussed above, the trial court properly concluded that information contained in the chain of title analysis was not relevant. Thus, discovery to confirm the conclusions of this document would not create an issue of fact. The trial court did not abuse its discretion by denying the Avalos addition time for discovery.

### CR 54(e) Violation

The Avalos contend that the trial court should have required Deutsche Bank to refile its motion because it presented the court with a proposed order too late to satisfy the rules. CR 54(e) requires the attorney for the prevailing party to "prepare and present a proposed form of order or judgment not later than 15 days after the entry of the verdict or decision, or at any other time as the court may direct." The trial court granted summary judgment on February 13, 2015. Deutsche Bank did not present the court with a proposed order until May 4, 2015, nearly three months later.

Deutsche Bank does not dispute the delay but contends that the remedy for this error is not reversal. CR 54(e) provides a remedy when the prevailing party does not present a proposed order in a timely manner: "any other party may do

---

judgment motion, but they do not reference specific evidence that would create an issue of fact.

so." When Deutsche Bank did not submit a timely proposed order, the Avalos were free to submit their own proposed order. But they did not.

Further, judgments entered in spite of procedural error are valid unless the complaining party shows resulting prejudice.[16] A party is not prejudiced if it is able to timely appeal and argue any issues it wishes to raise.[17] Under this standard, the Avalos do not show prejudice.

### Attorney Fees

Deutsche Bank requests an award of costs and fees as the prevailing party based on RCW 4.84.330 and RAP 18.1. RAP 18.1 allows this court to award attorney fees when applicable law authorizes them. "RCW 4.84.330 permits a party to recover reasonable attorney fees and costs in any action on a contract where the contract provides for this award."[18] Here, the deed of trust provides, "Lender shall be entitled to recover its reasonable attorneys' fees and costs in any action or proceeding to construe or enforce any term of this Security Instrument." Because the deed of trust authorizes a fee award and Deutsche Bank is the prevailing party, we award reasonable attorney fees and costs on appeal, subject to its compliance with RAP 18.1.

---

[16] Burton v. Ascol, 105 Wn.2d 344, 352, 715 P.2d 110 (1986) ("A judgment entered without the notice required by CR 54(f)(2) is not invalid, however, where the complaining party shows no resulting prejudice.").

[17] Burton, 105 Wn.2d at 352-53.

[18] Slotke, 192 Wn. App. at 179.

## CONCLUSION

The Avalos have not demonstrated the existence of any genuine issue of material fact relevant to Deutsch Bank's authority to foreclose. Accordingly, we affirm.

_Leach, J._

WE CONCUR:

_____

_____