# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| VERISTONE FUND I, LLC, | No.  52934-3-II |
| Appellant, | |
| v. | |
| MARY-ANN KERRIGAN, and CRAIG CAMPBELL, | UNPUBLISHED OPINION |
| Respondents. | |

SUTTON, A.C.J. — This appeal involves which party has the superior interest in the subject property: Veristone Fund I, LLC or Mary-Ann Kerrigan.  Veristone and Craig Campbell together purchased the subject property at a sheriff's sale in 2016, subject to issuance of a sheriff's deed. Veristone provided all the money for the purchase.  Campbell subsequently executed a promissory note and a deed of trust on the property in favor of Veristone, but Veristone did not record the deed of trust at that time.  In March or April 2017, Kerrigan loaned money to Campbell, and Campbell executed a deed of trust on the subject property to secure repayment.  Kerrigan recorded her deed of trust on May 8, and at the time, she had no knowledge of Veristone's interest in the property.

The sheriff's deed transferring title to Veristone and Campbell was recorded on May 10. On May 12, Veristone conveyed to Campbell by quitclaim deed all interest it had in the property, making Campbell the 100 percent owner.  Also on May 12, Veristone recorded its deed of trust. After Campbell defaulted on both loans, Veristone later acquired title to the property in a trustee's sale auction.  Veristone filed a lawsuit against Campbell and Kerrigan, alleging that its deed of

trust was superior to Kerrigan's, and Kerrigan filed counterclaims.[1]  The trial court ruled on cross motions for summary judgment that Kerrigan's deed of trust was superior to Veristone's.

We hold that although Campbell had only an inchoate interest in the property between the initial 2016 sale and May 10, 2017, when the sheriff's deed was recorded, once Veristone quitclaimed 100 percent of its interest to Campbell on May 12, Kerrigan's deed of trust attached to the property under the doctrine of after-acquired title.  We also hold that Kerrigan did not have constructive notice of Veristone's superior interest in the property at the time she recorded her deed of trust on May 8.  Thus, we hold that the trial court did not err by ruling that Kerrigan's interest is superior to Veristone's, and by granting Kerrigan's motion for summary judgment and denying Veristone's motion for summary judgment.  We affirm the trial court's orders.

FACTS

I.  THE VERISTONE/CAMPBELL INITIAL PURCHASE

On November 21, 2016, Veristone and Campbell purchased the subject property at a sheriff's sale for $36,813.61, with Veristone fully funding the purchase.  On January 9, 2017, Campbell executed a promissory note in favor of Veristone in the amount of $32,965.09 (Veristone note).  As a condition of the Veristone note, Campbell agreed not to "encumber, pledge, mortgage, hypothecate, place any lien, charge or claim upon, or otherwise give as security the property or any interest therein . . . without the written consent of [Veristone]."  That same day, Campbell secured repayment of the Veristone note by executing a deed of trust naming Veristone as the

---

[1] The trial court entered a default judgment against Campbell when he did not respond to the complaint and summons, and ruled that Campbell did not have legal title to the property when he sought to encumber it with the Kerrigan deed of trust.

beneficiary. On March 7, 2017, the sheriff's certificate of sale was recorded with the Lewis County Auditor, but it does not contain any language regarding the respective interests of Veristone and Campbell. CP at 20-22.

## II. KERRIGAN NOTE AND DEED OF TRUST

In March or April of 2017, Campbell approached Kerrigan about a loan. He informed her that he had recently purchased the subject property, but he did not mention Veristone's interest in the property. Kerrigan agreed to make a personal loan of $25,000 to Campbell out of her retirement funds. On April 14, Campbell executed a promissory note in favor of Kerrigan (Kerrigan note) in the amount of $25,000. On April 19, Campbell secured repayment of the Kerrigan note by executing a deed of trust to the subject property, naming Kerrigan as the beneficiary (Kerrigan deed of trust).

## III. RECORDING OF DEEDS

On May 8, 2017, the Kerrigan deed of trust was recorded.[2] On May 10, the sheriff's deed transferring title to Veristone and Campbell was recorded. On May 12, Veristone executed a quitclaim deed in favor of Campbell, conveying 100 percent of its interest to Campbell, and that deed was recorded that same day. Veristone then recorded Campbell's deed of trust on the same day, May 12.

---

[2] Kerrigan re-recorded the Kerrigan deed of trust on May 15 to correct a scrivener's error in the loan amount.

Campbell failed to pay either loan and ultimately was found in default. In November 2017, at a trustee's sale auction, Veristone purchased the property, resulting in a trustee's deed conveying the property to Veristone.[3]

IV. VERISTONE'S COMPLAINT, KERRIGAN'S COUNTERCLAIMS, AND SUMMARY JUDGMENT

Veristone filed a lawsuit against Kerrigan and Campbell on November 27, 2017, seeking declaratory judgment and quiet title, claiming that its interest was superior to Kerrigan's. Kerrigan filed counterclaims. Both parties filed cross motions for summary judgment. Veristone argued that the Kerrigan deed of trust had no effect because Campbell only had an inchoate interest after the initial 2016 purchase, and thus he had no interest in the property to encumber on May 8, 2017, when Kerrigan recorded her deed of trust. Kerrigan argued that although Campbell's initial interest was inchoate after the initial 2016 purchase, once Veristone quitclaimed all of its interest to Campbell on May 12, Kerrigan's interest attached to Campbell's interest in the property under the doctrine of after-acquired title. And Kerrigan argued that because she recorded her deed of trust first on May 8, before Veristone recorded its deed of trust on May 12, her interest was superior to Veristone's.

The trial court ruled that Kerrigan's interest was superior, and it granted Kerrigan's cross-motion for summary judgment and denied Veristone's motion. Veristone appeals the trial court's summary judgment orders.

---

[3] Campbell never responded to the complaint and summons, and a default order and judgment was entered against him. Because Campbell defaulted on both the Veristone note and the Kerrigan note, the property was sold to Veristone at a trustee's sale auction on March 30, 2018. Kerrigan did not participate in the action as she believed that she had a first lien position and foreclosures do not affect higher priority liens.

ANALYSIS

I. STANDARD OF REVIEW

We review a superior court's summary judgment order de novo, performing the same inquiry as the superior court and viewing all the facts and reasonable inferences from the evidence in the light most favorable to the nonmoving party. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

II. PRIORITY OF INTEREST

Veristone argues that Campbell only held an inchoate interest from the initial 2016 purchase to May 10, 2017, when the sheriff's deed was recorded. Thus, Veristone argues that Campbell had no title interest to convey to Kerrigan when he encumbered the property and her recording of the Kerrigan deed of trust on May 8, had no effect. We agree that Campbell's interest from the initial 2016 purchase of the property until May 10 was inchoate. However, as we discuss below, the doctrine of after-acquired title applies here, and once Veristone quitclaimed all of its interest in the property to Campbell, Kerrigan's deed of trust attached to the property. Because Kerrigan recorded her deed of trust first, her interest was superior to Veristone's.

A. DOCTRINE OF AFTER-ACQUIRED TITLE—RCW 64.04.070

Kerrigan argues that when Veristone quitclaimed all of its interest to Campbell on May 12, 2017, making Campbell the 100 percent owner, her deed of trust attached to the property under the doctrine of after-acquired title. We agree.

The doctrine of after-acquired title is set forth in RCW 64.04.070:

> *Whenever* any person or persons having sold and conveyed by deed any lands in this state, and who, at the time of such conveyance, had no title to such land, and any person or persons who may hereafter sell and convey by deed any lands in this state, and who shall not at the time of such sale and conveyance have the title to such land, shall acquire a title to such lands so sold and conveyed, *such title shall inure to the benefit of the purchasers or conveyee or conveyees of such lands to whom such deed was executed and delivered*, and to his or her and their heirs and assigns forever.

(Emphasis added). This doctrine applies when a person conveys property by deed to a second person but has no title to that property, and the conveyor subsequently acquires title to the property. *See In re Estate of Frank*, 146 Wn. App. 309, 320, 189 P.3d 834 (2008) (citing 17 W.B. Stoebuck and J.W. Weaver, WASHINGTON PRACTICE: REAL ESTATE PROPERTY LAW § 7.8 at 485 (2d ed. 2004). In that situation, title immediately vests in the second person. Stoebuck and Weaver, at 485. The doctrine of after-acquired title applies to title conveyed by sheriff's deed. *Gough v. Center*, 57 Wash. 276, 278-79, 106 P. 774 (1910).

Here, Campbell conveyed title to the subject property to a trustee by deed of trust, with Kerrigan as the beneficiary. At that time, Campbell arguably had no interest in the property to encumber with a deed of trust because he contributed nothing to the purchase of the property. *See Cummings v. Anderson*, 94 Wn.2d 135, 140, 614 P.2d 1283 (1980) ("[W]hen . . . it is shown that [purchasers] contributed unequally to the purchase price, a presumption arises that they intended to share the property proportionately to the purchase price."). However, when Campbell subsequently obtained full title to the property through Veristone's quitclaim deed, Kerrigan's deed of trust immediately attached to the property. RCW 64.04.070. Therefore, the Kerrigan deed of trust attached to the property before Veristone recorded its deed of trust.

Veristone argues that the doctrine of after-acquired title does not apply because it transferred title to Campbell by quitclaim deed. This argument is misguided. RCW 64.04.050 states that a quitclaim deed does not extend to after-acquired title unless that intention is expressly stated in the deed. Therefore, the doctrine of after-acquired title does not apply to a quitclaim deed. *Brenner v. J.J. Brenner Oyster Co.*, 48 Wn.2d 264, 267, 292 P.2d 1052 (1956) ("*Every quitclaim deed conveys to the grantee whatever present interest the grantor has.*"). However, this rule would only apply if Veristone acquired interest in the property after it executed the quitclaim deed, and Campbell was claiming title to that property. It does not apply to Campbell's after-acquired property. Thus, we hold that the trial court correctly ruled that Kerrigan's deed of trust had priority over Veristone's deed of trust.

B. KERRIGAN CONSTRUCTIVE KNOWLEDGE

Veristone argues that Kerrigan's deed of trust cannot have priority because Kerrigan had constructive knowledge of Veristone's interest in the property based on the sheriff's certificate of sale, which was recorded on March 7, 2017. Kerrigan argues that she did not have constructive knowledge, and therefore, she qualifies as a bona fide purchaser. We agree with Kerrigan and hold that, on these specific facts, the sheriff's certificate of sale did not convey to Kerrigan notice of Veristone's interest in the property.

Whether a person is a bona fide purchaser is a mixed question of law and fact. *Levien v. Fiala*, 79 Wn. App. 294, 299, 902 P.2d 170 (1995). A bona fide purchaser is a "good faith purchaser for value, who is without actual or constructive notice of another's interest in real property purchased, [and] has a superior interest in the property." *Levien*, 79 Wn. App. at 298 (citing *Tomlinson v. Clarke*, 118 Wn.2d 498, 500, 825 P.2d 706 (1992)).

> "[[N]otice] need not be actual, nor amount to full knowledge, but it should be such information, from whatever source derived, which would excite apprehension in an ordinary mind and prompt a person of average prudence to make inquiry. . . . It follows, then, that it is not enough to say that diligent inquiry would have led to a discovery, but it must be shown that the purchaser *had, or should have had, knowledge of some fact* or circumstance which would raise a duty to inquiry."

*Levien*, 79 Wn. App. at 298 (alteration in original) (internal quotation marks omitted) (quoting *Paganelli v. Swendsen*, 50 Wn.2d 304, 308, 311 P.2d 676 (1957)).

"A bona fide purchaser of an interest in real property is entitled to rely on record title; the protection afforded him by the real property recording statute, RCW 65.08.070, is unaffected by the vendor's lack of good faith or by manners of which the vendor has notice." *Levien*, 79 Wn. App. at 299-300.

> Parties who delay recording their deeds to property until after another has recorded a deed to the same property have the burden of proving actual or constructive notice of their interest in property by the other, and if they fail to do so, their prior conveyance is void as against that party by virtue of RCW 65.08.070. On the other hand, recording of the earlier interest provides constructive notice.

*Levien*, 79 Wn. App. at 300 (internal citation omitted). Under *Levien*, Veristone has the burden of proving that Kerrigan had constructive notice of its interest in the property.

Here, the sheriff's certificate of sale was recorded on March 7, 2017, and Kerrigan's deed of trust was originally recorded on May 8. The sheriff's deed transferring title was then recorded on May 10. The sheriff's certificate of sale, issued and recorded on March 7, does not contain any detail about the respective interests of Veristone or Campbell in the property. On these specific facts, the sheriff's certificate of sale did not give Kerrigan constructive notice that Veristone had a superior interest. Nor did it give her notice that Campbell did not have a sufficient interest to be able to convey any interest to her.

8

Because Veristone failed to prove that Kerrigan had constructive knowledge of its interest in the property, we hold that the trial court correctly determined that Kerrigan was a bona fide purchaser of the property.

## C.  KERRIGAN'S INTEREST WAS SUPERIOR TO VERISTONE'S

Veristone argues that its interest in the property was superior to Kerrigan's.  But based on the analysis above, the trial court correctly ruled that her interest was superior.

Washington's recording statute, RCW 65.08.070, states:

> A conveyance of real property . . . may be recorded in the office of the recording officer of the county where the property is situated.  Every such conveyance not so recorded is void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration from the same vendor, his or her heirs or devisees, of the same real property or any portion thereof whose conveyance is first duly recorded.

RCW 65.08.070.  "'The purpose of the recording statute is to make the deed first recorded superior to any outstanding unrecorded conveyance of the same property unless the mortgagee or purchaser had actual knowledge of the transfer not filed of record.'"  *Kim v. Lee*, 145 Wn.2d 79, 86, 31 P.3d 665 (2001) (quoting *Tacoma Hotel, Inc. v. Morrison & Co.*, 193 Wash. 134, 140, 74 P.2d 1003 (1938)).

The Kerrigan deed of trust was recorded on May 8, 2017.  The Kerrigan deed of trust attached to Campbell's 100 percent interest when Veristone quitclaimed all of its interest in the property to Campbell on May 12.  *Performance Constr., LLC v. Glenn*, 195 Wn. App. 406, 416, 380 P.3d 618 (2016) ("a sheriff's certificate of purchase does not pass title, but is only evidence of an inchoate interest which may or may not ripen into title").  The Veristone deed of trust was not recorded until May 12, after the Kerrigan deed of trust was recorded.  Because Kerrigan

recorded her deed of trust first, we hold that the trial court correctly ruled that Kerrigan's interest was superior to Veristone's, and thus, the trial court did not err by granting Kerrigan's motion for summary judgment and denying Veristone's motion for summary judgment.[4]

## CONCLUSION

We affirm the court's orders on summary judgment.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, A.C.J.

We concur:

MAXA, J.

GLASGOW, J.

---

[4] Because we are affirming the trial court's order, we do not reach Kerrigan's argument regarding equitability.