[No. 6847-4-I. Division One. January 28, 1980.]

FRANCIS X. ALLARD, *Appellant,* v. THE BOARD OF REGENTS OF THE UNIVERSITY OF WASHINGTON, ET AL, *Respondents.*

*Francis X. Allard,* pro se.

*Slade Gorton, Attorney General, Elsa Kircher Cole* and *John F. Biehl, Assistants,* for respondents.

WILLIAMS, J.—In July 1975, Assistant Professor Francis X. Allard was denied tenure by the University of Washing-

ton. On June 10, 1977, Dr. Allard brought this action for the purpose of recovering damages for back pay, lost income and credit rating, for injury to his professional reputation and rights, for reinstatement with tenure and promotion to the rank of Associate Professor, for a permanent injunction preventing the defendants from misrepresenting his professional competence, and for such other and further relief as the court might deem just and proper.

The action was based on two claims: one alleging a conspiracy of faculty at the University (tort) and the other alleging the procedures employed in considering his promotion and tenure were defective (due process). The defendants, the University Board of Regents and other highly placed University officials and faculty, answered in detail denying the claims. Defendants' motions for summary judgment of dismissal of each claim were heard and granted. Allard appeals; we affirm.

Briefly stated, the facts are these: In the fall of 1973, Dr. Allard was reviewed for tenure with the Department of Germanic Languages and Literature pursuant to the procedures set forth in the Faculty Code of the University of Washington Handbook. The faculty of the Department met and voted to recommend denying Allard tenure on the ground that his scholarly work was inadequate. The recommendation was submitted to the Dean and College Council of the College of Arts and Sciences who concurred.

Allard then sought administrative review of the denial of tenure, appealing to the University tenure committee on the ground that procedural defects had occurred during the consideration of his tenure. The Committee attempted to resolve the appeal informally, but when this proved unsuccessful, conducted a formal investigation. An evidentiary hearing was not held; rather, the tenure committee assumed the truth of Allard's allegations concerning the procedural defects and concluded that no violation of the University's tenure procedures had occurred. Allard

appealed this decision to the president of the University who affirmed. The president's decision was appealed to the Board of Regents who also affirmed on July 10, 1975.

Allard's "due process" claim is concerned with the elaborate procedures adopted by the Board of Regents for considering the promotion and tenure of faculty members and for administrative review of tenure denials. The trial court found that it was not authorized to inquire into the various procedural steps taken in Dr. Allard's case because of a provision in the State Higher Education Administrative Procedure Act, RCW 28B.19, which requires a petition for review of a final decision in a contested case when formal proceedings are utilized to be filed in superior court within 30 days of service of the final decision. RCW 28B.19.150(2). Because the final decision of the University was filed on July 31, 1975, and this action was not commenced until June 10, 1977, the trial court concluded that Allard's due process claim was not timely filed, thus conferring no jurisdiction.

Allard first contends that RCW 28B.19.150(2) does not apply because an evidentiary hearing, a necessary element of a "formal proceeding," was not provided. RCW 28B.19.120(3). An evidentiary hearing was unnecessary in this case because the tenure committee assumed the truth of all of Allard's allegations. This is as much as he could hope to gain from an evidentiary hearing.

Allard next contends that the 30–day limitation does not bar his action because the rules governing review of his tenure denial were not established in compliance with the requirements of the State Higher Education Administrative Procedure Act. RCW 28B.19.030–.100. Consequently, he argues, the 2–year limitation contained in RCW 28B.19-.030(3) applies. That section provides, in part:

> In any proceeding a rule cannot be contested on the ground of noncompliance with the procedural requirements of . . . this section, . . . after two years have elapsed from the effective date of the rule.

This provision does not apply because rules relating to employment relationships, which include tenure, are specifically exempted from the procedural requirements of the act. RCW 28B.19.020(2).

The Superior Court properly determined that it did not acquire jurisdiction of the subject matter of the case. Dismissal of the complaint against the defendants as to the due process aspect was proper. *See Rust v. Western Wash. State College,* 11 Wn. App. 410, 523 P.2d 204 (1974).

██ The "tort" claim concerning conspiracy was likewise properly rejected because no specific evidentiary facts were produced tending to prove the charge. As was said in *Corbit v. J.I. Case Co.,* 70 Wn.2d 522, 528–29, 424 P.2d 290 (1967):

> [A]n actionable civil conspiracy exists if two or more persons combine to accomplish an unlawful purpose or combine to accomplish some purpose not in itself unlawful by unlawful means. . . . In order to establish a conspiracy the plaintiff must show that the alleged coconspirators entered into an *agreement* to accomplish the object of the conspiracy.

(Citations omitted.) To preclude summary judgment, a nonmoving party may not rely solely on speculation and argumentative assertions. Upon the submission by the moving party of adequate affidavits, the nonmoving party must set forth specific facts to rebut the moving party's contentions and show that a genuine issue as to a material fact exists. *Peterick v. State,* 22 Wn. App. 163, 181, 589 P.2d 250 (1977).

Dr. Allard alleges that the faculty of his department at the University agreed to disregard his teaching ability thereby insuring he would be denied tenure. In support of this allegation he points to correspondence between his department chairman and others expressing reservations about his teaching ability which is inconsistent with other correspondence to him praising those abilities. He also points to irregularities in his personnel file and to an affidavit by a senior faculty member, Dr. Rey, that he told

other faculty to disregard Allard's teaching ability in considering him for tenure. But in none of these is there evidence of an agreement. If evidence of an agreement is not provided, a conspiracy cannot be established. *Corbit v. J.I. Case Co., supra.*

The judgment is affirmed.

SWANSON and ANDERSEN, JJ., concur.

Reconsideration denied February 21, 1980.

Review denied by Supreme Court April 3, 1980.