IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| U.S. BANK N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE THORNBURG MORTGAGE SECURITIES TRUST 2005-4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-4, its successors in interest and/or assigns, | ) ) ) ) ) ) ) ) | No. 72526-2-I<br><br>DIVISION ONE |
| Respondent, | ) ) | |
| v. | ) ) ) | |
| BLAIR LA MOTHE, | ) ) | UNPUBLISHED OPINION |
| Appellant, | ) ) ) | FILED: March 7, 2016 |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR LIBERY FINANCIAL GROUP, INC.; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE OF THE BANC OF AMERICA FUNDING 2007-D, its successors in interest and/or assigns; OCCUPANTS OF THE PREMISES; and any persons or parties claiming to have any right, title, estate, lien or interest in the real property described in the complaint, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

BECKER, J. — Blair La Mothe appeals the summary judgment and decree of foreclosure entered in favor of U.S. Bank NA. Because U.S. Bank was the holder of a promissory note given by La Mothe, summary judgment was appropriate. We affirm.

On October 3, 2005, La Mothe executed a promissory note in the amount of $1,500,000 in favor of Liberty Financial Group Inc. Liberty endorsed the note in blank through an allonge. The note was secured by a deed of trust encumbering La Mothe's residential property in Kirkland. The deed of trust identified Liberty as the lender and Mortgage Electronic Registration System (commonly referred to as "MERS"), "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns," as the beneficiary.

It is undisputed that La Mothe stopped making payments on the note sometime in 2009.

On December 18, 2009, Select Portfolio Servicing Inc. obtained the servicing rights to La Mothe's loan.

On December 31, 2009, MERS, acting as Liberty's nominee, assigned the deed of trust to TMST Home Loans Inc.

On July 30, 2010, Select sent La Mothe a notice of default.

On January 29, 2013, TMST assigned the deed of trust to U.S. Bank as trustee for the Thornburg Mortgage Securities Trust 2005-4 Mortgage Pass-Through Certificates, Series 2005-4.

2

On March 11, 2013, U.S. Bank filed a complaint for a money judgment against La Mothe and a decree of foreclosure on the deed of trust.

The parties filed cross motions for summary judgment. In support of its motion, U.S. Bank attached two declarations of David Recksiek, a Select document control officer, and a copy of the note and deed of trust. La Mothe moved to strike Recksiek's declarations.

At the summary judgment hearing, U.S. Bank produced the original promissory note signed by La Mothe. The trial court granted summary judgment in favor of U.S. Bank. The trial court denied La Mothe's motion for summary judgment dismissal and to strike Recksiek's declaration. The trial court subsequently denied La Mothe's motion for reconsideration, entered a decree of foreclosure, and granted U.S. Bank a deficiency judgment. La Mothe appeals.

We review an order granting summary judgment de novo, performing the same inquiry as the trial court. Owen v. Burlington N. & Santa Fe R.R. Co., 153 Wn.2d 780, 787, 108 P.3d 1220 (2005). A motion for summary judgment will be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). A material fact is one on which the outcome of the litigation depends. Greater Harbor 2000 v. City of Seattle, 132 Wn.2d 267, 279, 937 P.2d 1082 (1997). The initial burden is on the moving party to show there is no genuine issue of any material fact. CR 56(e); Vallandigham v. Clover Park Sch. Dist. No. 400, 154 Wn.2d 16, 26, 109 P.3d 805 (2005). The burden then shifts to the nonmoving party to "set forth specific facts to rebut the moving party's contentions and show that a genuine issue as to a

3

material fact exists." Allard v. Bd. of Regents of Univ. of Wash., 25 Wn. App. 243, 247, 606 P.2d 280, review denied, 93 Wn.2d 1021 (1980).

EVIDENTIARY CHALLENGES

La Mothe contends the trial court erred in considering the Recksiek declaration and its supporting documents. We review de novo any evidentiary rulings made in conjunction with a summary judgment order. Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998).

Recksiek's initial declaration stated, in relevant part:

> 1. I am a Document Control Officer with Select Portfolio Services, Inc. ("SPS"). I am over the age of eighteen and have personal knowledge of the facts set forth in this declaration. I make this declaration based on my personal knowledge and my review of records maintained by, or for the benefit of, SPS in the ordinary course of its business, which records, in turn, are based on information and data placed in the records by persons who have knowledge of the information and data at the time they are recorded in the records. SPS and its agents and employees rely upon these records in the ordinary course of business.
>
> . . . .
>
> 3. Attached hereto as Exhibits B and C are true and correct copies of the Note and Deed of Trust executed by Blair La Mothe in favor of Liberty Financial Group, Inc. ("Liberty"), and the Allonge to the Note executed in blank by Liberty. The originals of these documents are maintained by a custodian on behalf of the Trust and USB as trustee, and the originals have been delivered to John E. Glowney and Stoel Rives LLP, as counsel for the Trust and USB as trustee, to show the Court that the Trust and USB as trustee, possess and own the Note and Deed of Trust.
>
> 4. The outstanding principle [sic] due and owing on the note as of May 6, 2014 is $1,497,688.60. In addition, La Mothe failed to make the monthly payment due on July 1, 2009, and has made no payments on the Note and Deed of Trust since that date, or for more than almost five years. Following is a summary of the primary amounts due, owing, and unpaid by La Mothe as of May 6, 2014:

4

| | |
|---|---|
| Principal: | $1,497,688.60 |
| Accrued unpaid interest: | $ 424,589.05 |
| Escrow advances: | $ 64,955.92 |
| Suspense balance: | $ 6,754.38 |
| Total due, owing and unpaid: | $1,980,479.19 |

Recksiek subsequently submitted a second declaration further describing Select's record-keeping procedures. Recksiek's second declaration stated that Select employees regularly review copies of the note and deed of trust as part of routine audits of its loan files to ensure the reliability of its business records, and maintained detailed records of loan payments and other transactions.

CR 56(e) provides, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Statements in a declaration based on a review of business records satisfy the personal knowledge requirement of CR 56(e) if the declaration satisfies the business records statute, RCW 5.45.020. Discover Bank v. Bridges, 154 Wn. App. 722, 726, 226 P.3d 191 (2010). RCW 5.45.020 provides that a business record is admissible as competent evidence if:

> the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

RCW 5.45.020. Under this statute, the "custodian" and "other qualified witness" need not be the person who created the record. State v. Ben-Neth, 34

Wn. App. 600, 603, 663 P.2d 156 (1983). "Testimony by one who has custody of the record as a regular part of his work . . . will suffice." Ben-Neth, 34 Wn. App. at 603.

Here, Recksiek's declarations satisfy the requirements of CR 56(e) and RCW 5.45.020. Recksiek declared under penalty of perjury that (1) as a document control officer with Select he was personally familiar with Select's record-keeping practices, (2) that Select acquires and reviews copies of the note and deed of trust when it becomes the servicer of a loan, and (3) the attached records were true and correct copies of documents made in the ordinary course of business at or near the time of the transaction. The trial court did not err by considering the declarations and attached records.

## HOLDER OF THE NOTE

La Mothe next contends the trial court erred in granting summary judgment because U.S. Bank did not establish it held the original note. A holder is a "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." RCW 62A.1-201(21)(A). The holder of a note is the party entitled to enforce it. RCW 62A.3-301. Because the note was endorsed in blank and U.S. Bank had actual physical possession of the note, it was the holder of the note with the right to enforce it.

La Mothe contends that the copy of the note attached to the Recksiek declaration, which bore a barcode stamped at the bottom of the first page and the copy of the allonge, which bore the text "Multistate Note Allonge" on the

6

bottom left corner, appeared different than the original note and allonge presented by U.S. Bank at the summary judgment hearing, which did not contain the barcode or text. However, La Mothe's observation does not constitute a genuine issue of material fact as to the authenticity of the original note. La Mothe does not argue that the note appears to have been modified or forged in any way, and a review of the copy and original evince no differences other than this inconsequential marginalia. Nor does La Mothe dispute that his signature was on the original note produced at the hearing. See RCW 62A.3-308(a) (a signature on a promissory note is presumed authentic and authorized unless the validity of the signature is specifically denied in the pleadings).

La Mothe argues that even if U.S. Bank established that it was the holder of the note at the time of the summary judgment hearing, summary judgment was improper because U.S. Bank failed to show it was the holder at the time it filed the complaint. But La Mothe cites to no relevant or controlling authority in support of this proposition. The presentation of the note at the time of the summary judgment hearing is sufficient to prove U.S. Bank's status as the holder of the note. See Deutsche Bank Nat'l Trust Co. v. Slotke, No. 73631-1-I, slip. op. at 9 (Wash. Ct. App. Jan. 11, 2016).

La Mothe next argues that U.S. Bank did not adequately establish a chain of title to the deed of trust. But a note endorsed in blank is negotiated by physical transfer. Because U.S. Bank demonstrated that it physically possessed La Mothe's note, no chain of title was necessary.

Finally, La Mothe argues that U.S. Bank did not have authority to enforce the note because the note was assigned to the trust after the closing date specified in the trust's pooling and servicing agreement. Again, because U.S. Bank was in physical possession of the note at the time of the summary judgment hearing, it was entitled to enforce it. And to the extent La Mothe is attempting to challenge Liberty's compliance with the pooling and servicing agreement, he lacks standing to do so because he is not a party to the agreement. See In re Davies, 565 F. App'x 630, 633 (9th Cir. 2014).

BREACH OF CONTRACT

La Mothe contends that U.S. Bank was not entitled to foreclose on the deed of trust because it breached several of its terms. First, La Mothe contends that U.S. Bank did not give him notice prior to initiating foreclosure proceedings, as required by deed of trust. This claim lacks merit because the record shows that La Mothe received a notice of default nearly three years prior to U.S. Bank filing suit. Next, La Mothe argues that U.S. Bank failed to notify him when Select became the loan servicer. However, the notice of default clearly indicated that Select was the entity to which La Mothe's payments were due.

Finally, La Mothe contends that U.S. Bank was not entitled to initiate foreclosure proceedings without applying the amount held in a suspense account to the outstanding principal. The record shows that at the time Select issued the notice of default, a balance of $6,754.38 remained in a suspense account pending payment in full. But La Mothe presents no evidence to show he was not

credited with that amount against the principal or accrued interest prior to the judgment.

## DUE PROCESS

La Mothe contends that he was denied due process at the summary judgment hearing because the trial court did not read the pleadings he submitted. The record does not support this claim. The trial court noted at the hearing that U.S. Bank's responsive briefing did not appear to address one of La Mothe's arguments but that he could possibly have overlooked it given that the pleadings and exhibits comprised over 2,500 pages. There was no due process violation.

## MOTION TO STRIKE

La Mothe assigns error to the order denying his motion to strike Recksiek's declaration.[1] But La Mothe did not designate this order in either his original or amended notice of appeal, as required by the Rules of Appellate Procedure. See RAP 5.3(a)(3) (a notice of appeal must designate the decisions for which review is sought). In any event, La Mothe's challenge lacks merit. La Mothe contends that he was entitled to have Recksiek's declaration stricken pursuant to CR 56(f) because Recksiek was uncooperative during his deposition. But CR 56(f) provides that if a party "cannot present by affidavit facts essential to justify the party's opposition" to a summary judgment motion, "the court may

---

[1] We note that materials submitted to the trial court in connection with a motion for summary judgment cannot actually be stricken from consideration but remain in the record to be considered on appeal, so it is misleading to denominate as a motion to strike what is actually an objection to the admissibility of evidence. See Cameron v. Murray, 151 Wn. App. 646, 658, 214 P.3d 150 (2009), review denied, 168 Wn.2d 1018 (2010).

refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." If, as La Mothe alleges, he was unable to obtain the information he sought during discovery, the remedy provided by CR 56(f) is a continuance, not the striking of evidence.

### RECONSIDERATION

Finally, La Mothe contends that the trial court erred in denying his motion for reconsideration. We review the trial court's denial of a motion for reconsideration for abuse of discretion. Brinnon Grp. v. Jefferson County, 159 Wn. App. 446, 485, 245 P.3d 789 (2011). Because La Mothe failed to establish any of the grounds under CR 59(a) justifying a reconsideration of the summary judgment order, the trial court did not abuse its discretion.

Affirmed.

Becker, J.

WE CONCUR:

Leach, J.

Jau, J.

10