# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SAFECO INSURANCE CO. OF AMERICA, a New Hampshire corporation, | ) ) ) ) | No. 74622-7-I |
| | ) | DIVISION ONE |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| COBALT BOATS, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Respondent. | ) ) ) | FILED: January 30, 2017 |

LEACH, J. — In September 2012, Albert Duenas's boat sank while it was moored at a Kirkland marina. After Safeco Insurance Company of America reimbursed Duenas, it brought this insurance subrogation action against the boat's manufacturer, Cobalt Boats LLC. Safeco appeals the trial court's summary dismissal of its breach of express warranty claim against Cobalt. Safeco fails to demonstrate any genuine issue of material fact about the scope of the warranty or identify any structural defect required for the warranty to apply. Accordingly, we affirm.

## FACTS

In August 2007, Albert Duenas purchased a 2007 Cobalt 232, a 23-foot recreational boat. Cobalt had outfitted the boat with a sterndrive manufactured by Mercury Marine.

A sterndrive combines features of both inboard and outboard engines. The engine sits forward of the stern, inside the hull, while the outboard drive lies outside the hull. The transom forms the back of the hull and separates the inboard and outboard components. The transom housing is the part of the sterndrive attached to the transom and helps to secure the sterndrive to the boat.[1]

When Deunas bought the boat, Cobalt gave him a certificate of limited warranty, which states as follows,

> **Ten (10) Year Limited Transferrable Warranty on Hull and Deck.** Cobalt warrants that the hull and deck including floor, stringers, bulkheads, motor mounts, transom and deck/hull joints of a new Cobalt boat are free from structural defects in material and workmanship under normal, non-racing and non-commercial use for a period of (10) years from the date of delivery to the original retail purchaser.
>
> **Two (2) Year Limited Transferable Warranty on Gelcoat Finish, Upholstery, Components Not Separately Warranted by the Manufacturer and All Components Manufactured by Cobalt Other Than the Hull and Deck.** Cobalt warrants that the gelcoat finish, upholstery, components not separately warranted by the manufacturers thereof and all components manufactured by Cobalt with respect to a new Cobalt boat are free from structural defects in material and workmanship under normal, non-racing and non-commercial use for a period of two (2) years from the date of delivery of such Cobalt boat to the original retail purchaser.

---

[1] The parties also call the transom housing the transom shield, the transom assembly, and the gimbal housing. For purposes of deciding this case, these terms are interchangeable.

The warranty also contains a limitation-of-remedies clause. It provides, in part,

**COBALT'S ONLY RESPONSIBILITY, AND THE OWNER'S ONLY REMEDY, IS REPAIR AS DESCRIBED IN THIS WARRANTY. COBALT SHALL NOT BE LIABLE FOR INCIDENTAL, CONSEQUENTIAL, INDIRECT OR SPECIAL DAMAGES.**

In September 2012, Duenas's boat sank. Experts retained by Safeco and Cobalt agree that the bolts connecting the transom housing to the transom were loose. An expert retained by Cobalt's insurer concluded, "Based on my investigation, it appears the sinking was caused by the transom shield being loose and flexing during usage resulting in the deterioration of the transom shield gasket and water ingress." Safeco's expert similarly concluded that bolts used on the transom housing were loose, finding also that the bolts had likely been loose since the time of manufacture. Thus, for purposes of the summary judgment motion, the parties agree that water leaked into the boat due to the loose transom housing and caused it to sink.

After Safeco paid Duenas for the loss of the boat, it brought this subrogation action against Cobalt. Safeco claimed that Cobalt breached the express 10-year warranty on the hull and deck.

Cobalt moved for summary judgment. The trial court initially decided that an issue of fact existed about the application of the warranty to the transom housing. But the court still granted the motion because it found the warranty's

limitation of remedies provision enforceable and Safeco's delay in seeking repairs barred Safeco's claims under the doctrine of laches. Both parties moved for reconsideration. The trial court denied Safeco's motion for reconsideration. But it granted Cobalt's motion and again granted summary judgment in Cobalt's favor, this time holding that no material issue of fact existed about the application of the warranty to the transom housing. Safeco appeals the order granting summary judgment, the order denying its motion for reconsideration, and the order granting Cobalt's motion for reconsideration.

## STANDARD OF REVIEW

A party moving for summary judgment has the initial burden to show no genuine issue of fact exists.[2] The burden then shifts to the nonmoving party to "set forth specific facts to rebut the moving party's contentions and show that a genuine issue as to a material fact exists."[3] Summary judgment is proper if, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[4] A genuine issue of material fact exists if reasonable minds could differ regarding the facts controlling the outcome of the

---

[2] Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989).

[3] Allard v. Bd. of Regents of Univ. of Wash., 25 Wn. App. 243, 247, 606 P.2d 280 (1980).

[4] CR 56(c); Michak v. Transnation Title Ins. Co., 148 Wn.2d 788, 794-95, 64 P.3d 22 (2003).

litigation.[5] We review summary judgment orders de novo, engaging in the same inquiry as the trial court.[6] We may, however, affirm summary judgment on any basis established by the pleadings and supported by the proof.[7]

## ANALYSIS

The 10-year warranty covers "structural defects in material and workmanship" to the "hull and deck." Cobalt claims that this warranty does not cover the condition that caused the boat to sink. We agree.

Washington follows the objective manifestation theory of contract interpretation.[8] The court's primary goal in interpreting a contract is to ascertain the parties' intent from the ordinary meaning of the words in the contract.[9] "'An interpretation which gives effect to all of the words in a contract provision is favored over one which renders some of the language meaningless or ineffective.'"[10] In addition, a reasonable interpretation of a contract must prevail over an unreasonable one.[11]

---

[5] Hulbert v. Port of Everett, 159 Wn. App. 389, 398, 245 P.3d 779 (2011).
[6] Michak, 148 Wn.2d at 794.
[7] LaMon v. Butler, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989).
[8] Hearst Commc'ns, Inc. v. Seattle Times Co., 154 Wn.2d 493, 503, 115 P.3d 262 (2005).
[9] Hearst, 154 Wn.2d at 503.
[10] GMAC v. Everett Chevrolet, Inc., 179 Wn. App. 126, 135, 317 P.3d 1074 (2014) (quoting Seattle-First Nat'l Bank v. Westlake Park Assocs., 42 Wn. App. 269, 274, 711 P.2d 361 (1985)).
[11] Byrne v. Ackerlund, 108 Wn.2d 445, 453-54, 739 P.2d 1138 (1987).

Here, summary judgment is proper because Safeco has not supplied evidence that the condition that caused the boat to sink was a structural defect. Even if it had, that condition did not involve a part of the "hull and deck" covered by the warranty

First, we note that according to its plain language, the 10-year warranty covers only structural defects. A structural defect is a defect that concerns the design or fabrication of a boat component as opposed to its installation. Safeco alleges that the transom housing bolts were not adequately tightened. But Safeco makes no claim that bolts or any other parts of the boat were defective in design or manufacture. Safeco only alleges improper tightening of bolts during the installation of the transom housing. Thus, Safeco has not introduced evidence of a structural defect.

Safeco maintains that a "structurally sound" transom does not leak. Safeco relies on the undisputed fact that the water entered the boat through a hole in the transom. But Cobalt attached the outdrive to the hull through a hole in the transom, so a transom with a hole is not necessarily defective. Further, Safeco's expert admitted that the transom "was not deformed at all" and "looked pristine." Thus, although the water that caused the sinking entered the boat through the transom, Safeco has raised no question of fact as to whether the transom itself was defective.

Second, even if we considered the condition of the loose transom housing bolts a structural defect, the 10-year warranty would not apply because the bolts and transom housing are not part of the "hull and deck." The warranty states, "Cobalt warrants that the hull and deck including . . . motor mounts [and] transom . . . of a new Cobalt boat are free from structural defects." Safeco fails to show that the transom housing is either a "transom" or a "motor mount."

Safeco claims that the warranty includes anything permanently bolted to the transom, such as the transom housing. But the text of the warranty does not support Safeco's interpretation. The "hull and deck" warranty lists equipment that the warranty covers. Cobalt does not claim that the list is exclusive, but the list indicates what equipment Cobalt intended the warranty to cover. Significantly, Cobalt manufactures each item listed. Mercury Marine, however, manufactures the transom housing. We conclude that under the plain language of the warranty, Cobalt did not intend the 10-year warranty to cover equipment that it did not manufacture when the warranty lists only equipment that Cobalt did manufacture. Therefore, we disagree with Safeco's assertion that "transom" includes features that are permanently bolted to the transom, like the transom housing.

Safeco's contention that the transom housing is a "motor mount" fails for a similar reason. According to Safeco, because the transom housing helps mount

the engine to the boat, it is a motor mount and is thus covered by the warranty. However, while Cobalt manufactured the motor mounts, those are installed in the hull forward of the transom and the engine is bolted to them. It does not manufacture the transom housing, and it does not secure the engine to the hull. Thus, the transom housing and its attendant bolts cannot be considered "motor mounts" in this case.

Further, Safeco's contention that the 10-year warranty covers items that are attached to the hull or deck would make the 2-year warranty superfluous. "An interpretation of a contract that gives effect to all provisions is favored over an interpretation that renders a provision ineffective."[12] The 2-year warranty covers "components not separately warranted by the manufacturer" and "components manufactured by Cobalt other than the hull and deck." (Emphasis omitted.) An interpretation of the 10-year warranty that covers components other than the "hull and deck" which are attached to the hull and deck—such as the transom housing—would mean that much of the boat's equipment falls under both the 10-year and 2-year warranties. This interpretation is not reasonable.

Because Safeco has not identified a structural defect or shown that the 10-year warranty covers the transom housing, we conclude that the warranty does not apply to the condition that caused the boat to sink. Because we resolve

---

[12] Snohomish County Pub. Transp. Benefit Area Corp. v. FirstGroup Am., Inc., 173 Wn.2d 829, 840, 271 P.3d 850 (2012).

this case on this basis, we do not reach the questions involving laches, the limitation-of-remedies clause, or Safeco's motion for reconsideration, which only addressed the laches issue. Because we agree with the trial court's final decision about the scope of the warranty, it properly granted Cobalt's motion for reconsideration.

Because Safeco has not raised an issue of material fact, we affirm summary judgment in favor of Cobalt.

Leach, J.

WE CONCUR:

Mann, J.                                    Trickey, A.C.J.